IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. 3:22-CR-0080-DJN-1 |
| ) | |
| DESHAN DREQUAN HARRIS, ) | |
| ) | |
| Defendant ) | |

POSITION OF THE STATES
WITH RESPECT TO DEFENDANT'S SENTENCING FACTORS

The United States of America, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, and Olivia L. Norman, Assistant United States Attorney, hereby submits its position with respect to defendant's sentencing factors.

The government has no objections or corrections to the presentence report or the calculation of the advisory guideline range.

The defendant sole crime of conviction is use and carry a firearm during and in relation to a felony drug trafficking crime, to wit: possession with intent to distribute cocaine. As such, defendant's guideline sentence is the minimum term required by statute, specifically, 5 years. ECF No. 28 at ¶ 19. Notably, but not relevant to the statutorily required sentence, defendant's criminal history category is III. ECF No. 28 at ¶ 28.

A. <u>A Sentence of 5 Years is Required by Statute and Necessary to Meet the Goals of 18 U.S.C. §3553</u>

Typically, when sentencing a defendant, a district court must consider the advisory guideline range and other relevant sentencing factors as outlined in 18 U.S.C. §3553(a) (2005). *See United States v. Hughes,* 401 F.3D 540 (4th Cir. 2005). These factors include the need for the sentence imposed:

1

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training; medical care; or other correctional treatment, in the most effective manner.

18 U.S.C. §3553(a). The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

In this case, the statute of conviction requires the Court to sentence the defendant to at least 5 years of imprisonment. Additionally, a sentence of 5 years would be appropriate under the § 3553(a) factors.

    1.    <u>Seriousness of the Offense</u>

On March 10, 2022, defendant was stopped in the City of Richmond and found to be in possession of a semiautomatic pistol and 15.9 grams of cocaine, 5 oxycodone tablets and 33 grams of marijuana. Defendant's crimes were serious ones, made more serious by defendant's failure to comply with the lawful requests of the police officers during the traffic stop. Defendant's failure to comply as defendant possessed a concealed, loaded, semiautomatic pistol next to his leg created a deadly situation in which he or police officers could have been seriously injured or killed.

Defendant's armed drug trafficking was a serious crime that supports a sentence of 5 years.

    2.    <u>Need to Deter Future Criminal Conduct</u>

Defendant has had numerous encounters with law enforcement involving defendant's possession of concealed firearms. On August 4, 2021, defendant was charged with carrying a

concealed weapon. ECF No. 28 at ¶ 25. He was convicted on November 16, 2021 -- less than 4 months before the instant offense -- and sentenced to 60 days of jail, suspended for 1 year conditioned upon good behavior. ECF No. 28 at ¶ 25. But this was not his only encounter. On March 2, 2022, just 8 days before the instant offense, he was stopped and found to be in possession of a loaded firearm in public. ECF No. 28 at ¶ 39. That firearm was purchased by Ti'Eric Brooks (3:22-cr-79) only 28 days earlier. In the 28 days between its purchase and defendant's possession of it, that firearm was used in a shooting at the Homewood Suites by Hilton, at 700 E. Main Street, Richmond, Virginia, and a shooting of a young man off Porter Street, in the City of Richmond while he was trying to buy marijuana.

Although not convictions, defendant's arrest history exhibits multiple firearm-related arrests, to include possession of a concealed weapon, extended magazine and possession of marijuana on April 22, 2019 (ECF No. 28 at ¶ 31); carry concealed weapon and carry loaded firearm in public on September 17, 2019 (ECF No. 28 at ¶ 33); and receive stolen firearm on May 10, 2020 (offense date September 17, 2019) (ECF No. 28 at ¶ 37).

In spite of lenient treatment, the defendant's firearm and drug crimes continued to escalate. Defendant was not deterred. In fact, this offense occurred only 8 days after defendant was charged with possessing a different loaded firearm in public – a firearm that had been straw purchased just 28 days before. A sentence of 5 years is necessary to deter this defendant from committing future crimes and to promote respect for the law.

3. Need to Protect the Public from the Defendant's Future Criminal Conduct

A sentence needs, among other things, to protect the public from the defendant's future criminal conduct. Defendant's repeated illegal possession of firearms, including firearms that have been involved in crimes of violence and shootings, has placed the public at great risk.

3

Defendant's possession of the instant firearm while in possession of a half-ounce of crack cocaine, further threatened the public. A sentence of 5 years is necessary to protect the public from defendant's escalating firearm and drug crimes.

4. Need to Provide Needed Treatment to Defendant

The defendant would benefit from on-going educational programs, career counseling and vocational training. ECF No. 28 at ¶¶ 73-74. Defendant would also benefit from substance abuse counseling and treatment. ECF No. 28 at ¶¶ 69-72.

5. Need to Avoid Unwarranted Disparities

A sentence of 5 years will ensure that there is no unwarranted sentencing disparity.

CONCLUSION

A sentence of 5 years is required by the statute of conviction. Such a sentence also is necessary to achieve the goals of sentencing, as set forth in 18 U.S.C. § 3553(a), without being greater than necessary to do so.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: \_\_\_/s/_____
Olivia L. Norman
V.S.B. No. 31418
Assistant United States Attorney
Office of the United States Attorney
919 E. Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5475
(804) 771-2316 (facsimile)
Olivia.Emerson@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of December, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to Counsel of Record.

                                  /s/_____
                              Olivia L. Norman
                              V.S.B. No. 31418
                              Assistant United States Attorney
                              Office of the United States Attorney
                              919 E. Main Street, Suite 1900
                              Richmond, Virginia 23219
                              (804) 819-5475
                              (804) 771-2316 (facsimile)
                              Olivia.Emerson@usdoj.gov