IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                    Criminal No.: 3:22CR80

DESHAN DREQUAN HARRIS,                                            Defendant

## POSITION ON SENTENCING

Comes now the defendant, Deshan Drequan Harris (hereinafter "Harris"), by counsel, and confirms that there are no objections to the Presentence Report. The Probation Officer has calculated the guideline range to be 60 months, based on an offense level of N/A, and a criminal history category of III. The United States has suggested a sentence of 60 months and the defense concurs.

## DISCUSSION AND ANALYSIS

**I. The Advisory Guideline Range is Not to be Presumed Reasonable**

The Supreme Court stated in no uncertain terms that the United States Sentencing Commission's Guidelines ("Guidelines") cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors spelled out in 18 U.S.C. Section 3553(a). Nelson v. United States, 129 S. Ct. 890 (2009) (*per curiam*); Spears v. United States, 129 S.Ct. 840 (2009) (*per curiam*). The Court's decision in Nelson and Spears built upon its earlier decisions in Kimbrough v. United States, 128 S.Ct.558(2007), and Gall v. United States, 128S.Ct.586 (2007), establishing the Guidelines as simply an advisory tool to be considered alongside the other 18 U.S.C. Section 3553(a) statutory considerations. "Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable," the Court held in Nelson, 129 S.Ct. At 892, and "[t]he Guidelines are not only *not mandatory* on sentencing court; they are also not to be *presumed*

reasonable. " *Id*. (Emphasis in original).

Although sentencing courts must continue to consider the Guidelines, Congress has *required* federal courts to impose the least amount of imprisonment necessary to account for the considerations and accomplish the sentencing purposes set forth in 18 U.S.C. 3553(a). These include: (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the advisory Guidelines range; (d) the need to avoid unwarranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. Section 3553(a).

Although a district court must begin its analysis by correctly calculating the advisory sentencing range, the sentencing court is then free, in light of the other statutory sentencing factors, to impose an entirely different sentence. This is because, under Rita v. United States, 127 S.Ct.2456, 2465 (2008), a district court is free simply to disagree, based on the 18 U.S.C. Section 3553(a) sentencing factors, with the Guidelines "rough approximation" of the appropriate sentence for any given case. *Id*.

## II.   FACTORS UNDER 18. U.S.C. Section 3553

### a. Nature and Circumstances of the Offense.

The nature of the offense conduct is generally set forth in the "Offense Conduct" incorporated into the Presentence Report ("PSR"). See PSR, para. 12. This information is taken from the Statement of Facts to which the defendant agreed.

**b. History and Characteristics of the Defendant**.

Harris was born in April 22, 2021 in Richmond, Virginia the only child born of the relationship between his parents. Harris' parents were never married. Harris has three maternal siblings and four paternal siblings. See PSR, para. 42 Harris' father was sentenced to 400 months in the Bureau of Prisons due to convictions of conspiracy to distribute and possess with intent to distribute cocaine base and possession of a firearm, with an expected release date of April, 2026. See PSR, para. 43.

Harris was raised in a middle income working class environment. Harris' mother worked to support the family. Harris advised that for the first 10 years of his life, his family resided in a "rough" neighborhood riddled with crime. Harris indicated that it was common to hear gunshots "ring-out" through the evening hours. After age 10, his family moved to a better neighborhood. See PSR, para. 53.

Harris' mother admitted that Harris got into trouble as a youth, but noted that he was never disrespectful and was activelyinvolved with his family and always willing to help out when called upon. She indicated that Harris would be allowed to return to her residence upon completion of any jail term. See PSR, para. 59. It is also noted that Harris has seven siblings with whom he maintains regular, if not daily, contact. Harris also maintained daily contact with his mother.

Harris first admitted to marijuana use beginning at the age of 15, with his last use in June, 2022. Harris tried crack at age 17 or 18, and progressed to smoking one gram on a daily basis, with his last use being in January, 2022. Harris stated he had not used any other illegal drugs. See PSR, para. 69. It is not clear whether he will be eligible for the 500 hour program based on the nature of the conviction, but the defendant would nevertheless like to be recommended for the program if he becomes eligible and volunteers.

Harris graduated George Wythe High School in 2019.   He was an average student. Harris was never requierd to repeat any grades, and he played basketball.   See PSR, para. 73. Harris doesn't have any other specialized training or skills, and holds no professional license. See PSR, para. 74.   The defendant had worked as a delivery driver from December, 2021 through June, 2022.   See PSR, para. 75.   Harris also worked as a trash collector for four months in 2020 with Republic Services.   See PSR, para. 76.   Harris also worked three or four months as a shoe salesman at Foot Locker.   See PSR, para. 77.

Harris would benefit from vocational training while incarcerated.   In fact, it is imperative insofar as, upon his release, Harris will still be young and will need to immediately enter the workforce.

**d.  Disparity**

There is no issue of disparity with respect to Mr. Harris's fact pattern.

**e.  Restitution**

Restitution does not appear to be a factor based on the defendant's inability to pay.

**f.  Kinds of Sentences Available**

The only sentence available for Harris is incarceration and the defendant, by counsel, agrees with the United States that 60 months is the appropriate term of incarceration.

**g.  A promotion of respect for the law and Recommendation**

A sentence of 60 months as called for by the guidelines reflects the seriousness of the offense and is not greater than necessary to punish Harris.   The court questioned, at one point, the United States' decision to pursue the 924(c) count based on the defendant's record.   As the court can see, however, the defendant has been skirting the path to potentially more dangerous conduct and this conviction has been and will be a wake up call.

## **CONCLUSION**

Both the defendant and the United States agree that a term of 60 months serves the goals of sentencing    The plea was negotiated based on several factors and circumstances and the defendant would request that he be sentenced to 60 months, followed by required supervision. The defendant would also request that he be ordered to a vocational program.   The defendant would also request that he be ordered to complete the 500 hours drug treatment program if he is eligible and volunteers.   Lastly, insofar as this defendant remarkably maintains regular contact with several siblings and his mother, who will be his support network upon release, the defendant would request a recommendation that he be housed as close to Richmond as possible so that these relatives can have contact, but understands that the court has no control over the BOP.

                                        Respectfully Submitted,
                                        Deshan Drequan Harris

By:    _____/s/_____

Stephanie Strattman Henkle
Henkle Law Firm
Attorney for Deshan Drequan Harris
9120 Virginia Street
PO Box 183
Amelia, VA 23002
(804) 561-3557
Fax: (804) 973-4848
Email: stephanie@henklelaw.com

Charles A. Gavin, Esquire
Virginia State Bar #: 31391
Attorney for Deshan Drequan Harris
Deskevich, Gavin & Harris, P.C.
1409 Eastridge Road
Richmond, VA 23229
(804)288-7999
(804)285-9015 *facsimile*
E-Mail: c.gavin@dghlawpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that this 6th day of January, 2023, I will electronically file the foregoing the Clerk of the Court using the CM/ECT system which will then send a notification of such filing (NFE) to Olivia Norman, Esquire, Assistant United States Attorney, and to Timothy J. Foote, U.S. Probation Officer.

By: _____/s/_____
Stephanie Strattman Henkle
Henkle Law Firm
Attorney for Deshan Drequan Harris
9120 Virginia Street
PO Box 183
Amelia, VA 23002
(804) 561-3557
Fax: (804) 973-4848
Email: stephanie@henklelaw.com

By:_____/s/_____
Charles A. Gavin, Esquire
Virginia State Bar #: 31391
Attorney for Deshan Drequan Harris
Deskevich, Gavin & Harris, P.C.
1409 Eastridge Road
Richmond, VA 23229
(804)288-7999
(804)285-9015 *facsimile*
E-Mail: c.gavin@dghlawpc.com